689 A.2d 1245

Sidney J. BROWN

v.

PRINCE GEORGE'S COUNTY, Maryland.

No. 515, Sept. Term, 1996.

Court of Special Appeals of Maryland.

Feb. 27, 1997.

Robert B. Ostrom (Goldstein & Baron, Chartered on the brief), College Park, for Appellant.

J. Michael Dougherty, Jr., Associate County Attorney (Barbara L. Holtz, Acting County Attorney, on the brief), Upper Marlboro, for Appellee.

Argued before MURPHY, C.J., and CATHELL and HOLLANDER, JJ.

MURPHY, Chief Judge.

This appeal from the Circuit Court for Prince George's County presents the following question for our review:

Was the denial of a claim for refund of county transfer taxes in error where there was a failure of the consideration for which transfer taxes were collected?

We answer that question in the affirmative and therefore reverse the judgment of the circuit court.

## FACTS

This appeal stems from a rather complex real estate transaction involving Sidney J. Brown, appellant, and a variety of lenders, including Sovran Bank ("Sovran").[1] On June 26, 1991, appellant recorded a Modification Agreement ("1991 Modification") in the land records of Prince George's County. The terms of this agreement between appellant and Sovran provided, *inter alia*, for an increase in the amount of the underlying indebtedness of a prior promissory note. The 1991 Modification purported to increase appellant's indebtedness from $2,824,102.15 to $4,840,000.00 (a difference of $2,015,-897.85), although the agreement also provided that appellant must satisfy certain conditions before any additional funds would be advanced. When the 1991 Modification was recorded, appellant paid Prince George's County transfer taxes in the amount of $30,238.47.

Appellant never satisfied Sovran's conditions, however, and in July of 1992, Sovran sent appellant a letter stating that,

---

1. Sovran was subsequently purchased by Nations Bank. For simplicity, we shall refer only to Sovran.

although the 1991 Modification secured $4,840,000.00, Sovran would not advance any additional funds above the outstanding balance. On August 6, 1992, appellant recorded a second Modification Agreement ("1992 Modification") in the land records of Prince George's County. The 1992 Modification provided, *inter alia,* for an extension of the repayment term and also confirmed that Sovran would not be obligated to advance any additional funds.

Appellant then filed a claim for refund of the transfer tax paid on the $2,015,897.85 that had not been advanced and the Director of Finance for Prince George's County denied that claim. Appellant appealed that decision to the Maryland Tax Court where the decision not to refund the $30,238.47 transfer tax was affirmed. Appellant then petitioned for judicial review in the Circuit Court for Prince George's County, where the decision of the Maryland Tax Court was affirmed. This appeal followed.

### Discussion

■ The circuit court's decision turned on its interpretation of Md.Code Ann., Tax–Prop. § 14–908 (1994). Questions of law, including the circuit court's interpretation of a statute, are reviewed under the "substitution of judgment" standard. *Supervisor of Assessments v. St. Leonard Shores Joint Venture,* 61 Md.App. 204, 212, 486 A.2d 206 (1985); *aff'd,* 307 Md. 441, 514 A.2d 1215 (1986). Accordingly, we are under "no constraints in reversing a ... decision that is premised solely upon an erroneous conclusion of law." *Prince George's County v. Brown,* 334 Md. 650, 658, 640 A.2d 1142 (1994) (*quoting Montgomery County v. Buckman,* 333 Md. 516, 519–20, 636 A.2d 448 (1994)).

■ We are persuaded that appellant is entitled to a refund of the county transfer tax paid on the portion of the loan that was never advanced. Such a right is provided for by provisions of the Prince George's County Code and of the Md.Code Ann., Tax–Property Article. Section 10–188(a) of the Prince George's County Code imposes a transfer tax on "actual

consideration paid or to be paid." P.G. County Code § 10–188(a) (1983 & Supp.1994). Section § 14–908 of the Tax–Property Article provides:

> A person who submits a written refund claim for transfer tax that has been *erroneously or mistakenly paid* to or illegally or erroneously assessed or wrongfully collected . . . is eligible for a refund from the Department, clerk, or Director of Finance that collected the transfer tax.

Md.Code Ann., Tax–Prop. § 14–908 (1994 Repl.Vol.) (emphasis supplied).

Initially, the tax on "consideration paid or to be paid" was properly collected. At the time of recording, because appellant expected to receive additional funds, he was required to pay the full tax assessment.[2] The record reveals that, at the time the 1991 Modification was recorded, appellant did, in fact, expect "to be paid" by Sovran the consideration for which the additional transfer tax was collected. Sovran, however, never advanced any additional funds beyond those due from prior obligations. Under these circumstances, (1) appellant did not receive actual consideration, (2) the tax was erroneously paid, and therefore (3) he is entitled to a refund.

The circuit court concluded that (1) the proper point of reference for determining the amount of tax due was the time of recording, and (2) as used in § 14–908 of the Tax–Property Article, a tax has not been "erroneously or mistakenly paid" unless an error exists at the time of recording. If those conclusions are correct, however, appellant should nonetheless prevail. In this case, at the time that he paid the taxes at issue, appellant had erroneously calculated the amount of consideration "to be paid" in the future. Appellant is therefore entitled to a refund of the taxes that he erroneously paid.

Moreover, in *Wasena Housing Corp. v. Levay,* 188 Md. 383, 52 A.2d 903 (1947), the Court of Appeals noted that "[t]he

---

2. In the Maryland Tax Court, appellant's representative testified that "the County wouldn't allow us to put the [Modification] on the record . . . without paying the tax." Appellee has never controverted that assertion.

word 'erroneous' is broad enough to cover all types of error, even those that may invalidate an assessment or render it void." *Id.* at 394, 52 A.2d 903. In this case, there is a recorded document that relieved Sovran of its obligation to advance the additional funds that were the subject of the tax. This document establishes that taxes were erroneously paid.

The Maryland Tax Court and the circuit court agreed with appellee's contention that the county clerk collecting a transfer tax can not be expected to look beyond the document submitted for recordation when computing the tax due. We also agree with this straightforward proposition. In *Motels of Md., Inc. v. Baltimore County,* 244 Md. 306, 223 A.2d 609 (1966), the Court of Appeals noted that

> [t]he clerk of court who is required to collect the transfer tax ... cannot be expected to divine that one who presents for record a paper which ostensibly and reasonably purports to transfer a taxable interest either does not think that it does or later turns out to have been mistaken in a belief that it does. Nor can the clerk be required to act as a chancellor by going outside the proffered paper to resolve its effectiveness to accomplish what it is offered to and seems to accomplish.

*Id.* at 317, 223 A.2d 609.

In the present case, however, appellant is not requesting that the clerk look beyond the documents that are recorded in the land records. Instead, when it became certain that the underlying consideration was lacking—as evidenced by the 1992 Modification—appellant merely attempted to invoke the refund provisions of Tax–Property § 14–908. Basic principles of common sense and equity dictate that Prince George's County should not be permitted to retain taxes collected on consideration that will never be received. Appellant is entitled to a refund of that portion of the transfer tax collected on the funds that were "to be paid" at the time of collection but will not be advanced under the presently recorded documents.

**JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUN-**

TY WITH DIRECTIONS TO ENTER JUDGMENT IN CONFORMITY WITH THIS OPINION; APPELLEE TO PAY COSTS.